# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHERYL EMERY,

    Plaintiff,                          Case No. 15-11467

vs.                                          Hon. Gerald E. Rosen

MICHIGAN DEPARTMENT OF CIVIL
RIGHTS, MATTHEW WESAW, and
LORI VINSON,

    Defendants.
_____/

## OPINION AND ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       March 21, 2016

PRESENT:    Honorable Gerald E. Rosen
                        United States District Judge

## I. INTRODUCTION

Plaintiff Sheryl Emery commenced this action in this Court on April 22, 2015, asserting claims under the federal Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101 *et seq.,* against her former employer, the Michigan Department of Civil Rights ("MDCR") and two of her former

supervisors at the MDCR, Matthew Wesaw and Lori Vinson. In support of these claims, Plaintiff alleges that Defendants (i) failed to accommodate her disability as a deaf individual, (ii) retaliated against her filing of a complaint with the Equal Employment Opportunity Commission ("EEOC") protesting this failure to accommodate her disability, and (iii) discriminated against her on account of her age and race. This Court's subject matter jurisdiction rests upon Plaintiff's assertion of claims arising under federal law. *See* 28 U.S.C. § 1331.

Over the next several months following her commencement of this suit, Plaintiff served process on the three Defendants in a piecemeal fashion. Upon being served with the complaint, each of the three Defendants has brought a motion seeking the dismissal of some or all of the claims asserted against this particular Defendant. Each of these motions rests principally on the immunity conferred upon the states under the Eleventh Amendment to the U.S. Constitution, although the two individual Defendants further contend that they do not qualify as "employers" under the federal ADA, and thus cannot be held individually liable under this statute.

Plaintiff has filed a response in opposition to each Defendant's motion to dismiss. Having reviewed the parties' briefs in support of and in opposition to Defendants' motions, as well as the accompanying exhibits and the remainder of

the record, the Court finds that the pertinent facts, allegations, and legal issues are adequately presented in these written submissions, and that oral argument would not assist in the resolution of these motions. Accordingly, the Court will decide Defendants' motions "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. As explained below, the Court finds that the bulk of Plaintiff's claims are subject to dismissal, but that Plaintiff may proceed with (i) her ADA claims against the individual Defendants in their official capacities, to the extent Plaintiff seeks non-monetary relief from these Defendants, and (ii) her state-law ELCRA claims against the individual Defendants.

## II.  ANALYSIS

### A.  The Standards Governing Defendants' Motions

Through their present motions, the three Defendants seek the dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) of certain of the claims asserted by Plaintiff. When considering a motion brought under Rule 12(b)(1) mounting a facial challenge to the existence of subject matter jurisdiction, the Court "takes the allegations in the complaint as true," inquiring whether these allegations establish a basis for the exercise of subject matter jurisdiction. *Gentek Building Products, Inc. v. Steel Peel Litigation Trust,* 491 F.3d 320, 330 (6th Cir. 2007). Yet, "conclusory allegations or legal conclusions masquerading as factual conclusions will not

suffice" to withstand a properly supported Rule 12(b)(1) motion to dismiss. *O'Bryan v. Holy See,* 556 F.3d 361, 376 (6th Cir. 2009) (internal quotation marks and citation omitted).

To the extent that Defendants contend that certain of Plaintiff's claims are subject to dismissal under Rule 12(b)(6) for failure to state a claim, the Court must construe the complaint in a light most favorable to Plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965,

1974.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

**B.     Eleventh Amendment Immunity Bars Plaintiff's Federal ADA Claims Against the Defendant State Agency, the MDCR, As Well As Plaintiff's ADA Claims for Money Damages Brought Against the Individual Defendants in Their Official Capacities.**

In challenging the viability of Plaintiff's federal ADA claims, Defendants appeal principally to the immunity conferred under the Eleventh Amendment to the U.S. Constitution.  As the Supreme Court has explained, "[t]he ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court."  *Board of Trustees of the University of Alabama v. Garrett,* 531 U.S. 356, 363, 121 S. Ct. 955, 962 (2000).  Although "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority," and although Congress plainly expressed its intention to abrogate this immunity with respect to claims brought under the ADA, the Court held in *Garrett* that Congress did not "act within its constitutional authority by subjecting the States to suits in federal court for money damages under [Title I of] the ADA." *Garrett,* 531 U.S. at 360, 363-64, 121 S. Ct. at 960, 962 (internal quotation marks, alteration, and citations omitted).

5

In light of the ruling in *Garrett,* it is clear that Plaintiff's ADA claims against Defendant MDCR are barred by Eleventh Amendment immunity, and Plaintiff does not seriously contend otherwise. First, the MDCR states without contradiction that it is eligible for Eleventh Amendment immunity as an agency of the State of Michigan. Next, the failure to accommodate claim asserted in count I of Plaintiff's complaint arises under Title I of the ADA, and thus is squarely governed by *Garrett'*s holding that Congress did not validly abrogate the states' Eleventh Amendment immunity with respect to claims for money damages brought under Title I of the ADA.

As for the claim in count II of the complaint that Defendants violated the ADA by retaliating against Plaintiff's exercise of rights and privileges protected by this statute, neither the Supreme Court nor the Sixth Circuit has yet determined whether Eleventh Amendment immunity bars such claims of retaliation brought under Title V of the ADA. Nonetheless, the Ninth Circuit has reasoned that "the Court's holding [in *Garrett*] necessarily applies to claims brought under Title V of the ADA," at least so long as these claims are " predicated on alleged violations of Title I." *Demshki v. Monteith,* 255 F.3d 986, 988 (9th Cir. 2001). Because Plaintiff's ADA claim of retaliation is predicated on actions she took to complain of or oppose an alleged violation of Title I of the ADA — namely, the alleged

failure to accommodate Plaintiff's disability that forms the basis for count I of the complaint — this Court concurs in *Demshki'*s reasoning that the ruling in *Garrett* applies with equal force to bar both the Title I and Title V claims asserted by Plaintiff against Defendant MDCR. Certainly, Plaintiff has made no effort to argue that the Court should treat her two ADA claims differently for purposes of its Eleventh Amendment immunity analysis.

Next, the Court readily concludes that the ADA claims asserted by Plaintiff against the individual Defendants, Matthew Wesaw and Lori Vinson, are likewise barred by Eleventh Amendment immunity, at least insofar as Plaintiff has sued these individuals in their official capacities and seeks an award of money damages. As the Sixth Circuit has recognized, to the extent that the Eleventh Amendment immunizes a state from a federal court suit, this immunity extends as well to claims in the suit that are brought "against state officials sued in their official capacity for money damages." *Ernst v. Rising,* 427 F.3d 351, 358 (6th Cir. 2005). This follows readily from the principle that "an official capacity suit is, in all respects other than name, to be treated as a suit against the [governmental] entity" for which the official serves as an agent. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985); *see also Cady v. Arenac County,* 574 F.3d 334, 342 (6th Cir. 2009) (noting that "a lawsuit against an officer in his official capacity and against

the governmental entity [for which he serves] . . . are functionally the same and should therefore be subjected to the same analysis"). Consequently, the same Eleventh Amendment immunity that bars Plaintiff's ADA claims against the MDCR likewise precludes her from pursuing ADA claims for money damages against Defendants Wesaw and Vinson in their official capacities.

To the extent that Plaintiff means to take issue with this Eleventh Amendment analysis, she appeals solely to a passage in *Garrett* noting the limits of the Court's ruling in that case:

> Our holding here that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I does not mean that persons with disabilities have not federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 521 L.Ed. 714 (1908). In addition, state laws protecting the rights of persons with disabilities in employment and other aspects of life provide independent avenues of redress.

*Garrett,* 531 U.S. at 374 n.9, 121 S. Ct. at 968 n.9 (citation omitted). Plaintiff notes that her prayer for relief includes requests for injunctive relief, and she suggests that she therefore is entitled to seek this form of redress from each of the Defendants, including the MDCR, for their alleged ADA violations.

This argument, however, misapprehends *Garrett*'s reference to the relief

available under *Ex parte Young.* The Sixth Circuit has emphasized that *Ex parte Young* authorizes "an injunction against a state official who has acted unconstitutionally," but does not overcome the Eleventh Amendment immunity that "prohibits a federal court from granting even this [injunctive] relief against a state or a state agency." *Freeman v. Michigan Department of State,* 808 F.2d 1174, 1179 (6th Cir. 1987); *see also Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09 (1984) (explaining that "when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief," and characterizing *Ex parte Young* as an "exception to this general rule" which holds that "a suit challenging the constitutionality of a state official's action is not one against the State" and thus is not barred by the Eleventh Amendment). Notwithstanding *Ex parte Young,* then, the state agency in this case, Defendant MDCR, enjoys Eleventh Amendment immunity from Plaintiff's ADA claims in their entirety, without regard for the relief sought by Plaintiff. *See Cady,* 574 F.3d at 344; *Freeman,* 808 F.2d at 1179.

Perhaps, however, Plaintiff views the above-quoted passage from *Garrett* as supporting a more limited proposition — namely, that Eleventh Amendment immunity does not prevent her from pursuing her ADA claims against the

9

individual Defendants in their official capacities, at least insofar as she seeks injunctive relief rather than an award of money damages as redress for the ADA violations allegedly committed by these state officials. If so, the Court readily agrees, as does the Sixth Circuit. *See Whitfield v. Tennessee,* 639 F.3d 253, 257 (6th Cir. 2011) (recognizing that the plaintiff's claim in that case under Title I of the ADA "survives the Eleventh Amendment only to the extent that it constitutes an *Ex parte Young* action for prospective injunctive relief"); *Cady,* 574 F.3d at 344 ("The Supreme Court recognizes an exception to this rule [of Eleventh Amendment immunity] if an official-capacity suit seeks only prospective injunctive or declaratory relief."); *Ernst,* 427 F.3d at 358 (observing that a state's Eleventh Amendment immunity "does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law").

More importantly, Defendants themselves recognize in their motions that the ADA claims asserted against Defendants Wesaw and Vinson in their official capacities are subject to dismissal only "with respect to monetary damages." (Defendant Wesaw's Motion to Dismiss, Br. in Support at 2; *see also* Defendant Vinson's Motion to Dismiss, Br. in Support at 2.) Accordingly, the Court agrees with Defendants that Plaintiff's ADA claims against Defendant MDCR are barred in their entirety by Eleventh Amendment immunity, and that the ADA claims

asserted against Defendants Wesaw and Vinson in their official capacities likewise are barred by Eleventh Amendment immunity, but only to the extent that Plaintiff seeks money damages under these official-capacity claims.

**C.     The Individual Defendants Are Not Subject to Personal Liability Under the ADA.**

Although Plaintiff's complaint is not altogether clear on this point, it appears that she means to sue Defendants Wesaw and Vinson in both their official and their individual capacities. As explained, Plaintiff may recover only injunctive relief, and not money damages, in her official-capacity claims against these two Defendants under the ADA. As for Plaintiff's ADA claims against these two Defendants in their individual capacities, Defendants Wesaw and Vinson argue that the ADA does not authorize the imposition of liability upon individuals. The Court agrees.

The Sixth Circuit has "held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities." *Williams v. McLemore,* No. 05-2678, 247 F. App'x 1, 8 (6th Cir. June 19, 2007); *see also Sullivan v. River Valley School District,* 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."); *Lee v. Michigan Parole Board,* No. 03-1775, 104 F. App'x 490, 493 (6th Cir. June 23,

2004).  Against these controlling precedents, Plaintiff cites the decision in *Hafer v. Melo,* 502 U.S. 21, 112 S. Ct. 358 (1991), as purportedly allowing for the imposition of individual liability on Defendants Wesaw and Vinson "in Federal court for monetary damages."  (Plaintiff's Response to Defendant Wesaw's Motion, Br. in Support at 6.)  Yet, *Hafer* addresses the liability of state officials sued in their individual capacities **under 42 U.S.C. § 1983,** *see Hafer,* 502 U.S. at 22-23, 112 S. Ct. at 360, and has nothing to say about the scope of the individuals or entities that are subject to liability under the ADA.  Under binding Sixth Circuit precedent, the ADA does not impose personal liability on supervisory officials such as Defendants Wesaw and Vinson who are sued in their individual capacities.

**D.     Eleventh Amendment Immunity Bars Plaintiff's State-Law Claims Against the Defendant MDCR and Against Defendants Wesaw and Vinson in Their Official Capacities.**

In counts III and IV of her complaint, Plaintiff asserts state-law claims of age and race discrimination under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101 *et seq*.  Defendants argue that these state-law claims are barred by Eleventh Amendment immunity as to (i) the Defendant state agency, the MDCR, and (ii) Defendants Wesaw and Vinson sued in their official capacities.  The Court agrees, finding once again that Defendants' positions on these points enjoy the support of binding precedent.

Turning first to Plaintiff's state-law ELCRA claims against Defendant MDCR, the Sixth Circuit has observed that "the States' constitutional [Eleventh Amendment] immunity from suit prohibits *all* state-law claims filed against a State in federal court, whether those claims are monetary or injunctive in nature." *Ernst,* 427 F.3d at 368; *see also Freeman,* 808 F.2d at 1179 (explaining that Michigan's enactment of the ELCRA did not operate to waive the state's Eleventh Amendment immunity, as it did not "establish that [the state] has agreed to become a defendant in federal court suits based on violations of either state or federal law"). Accordingly, Plaintiff's state-law ELCRA claims against Defendant MDCR are barred by Eleventh Amendment immunity, and Plaintiff does not contend otherwise in her response to the MDCR's motion.

The pertinent case law likewise confirms that the Eleventh Amendment bars Plaintiff's state-law ELCRA claims brought against Defendants Wesaw and Vinson in their official capacities. As explained earlier, for purposes of Eleventh Amendment immunity, a claim asserted against a state officer in his official capacity is functionally equivalent to a claim asserted against the state itself. *See Graham,* 473 U.S. at 166, 105 S. Ct. at 3105; *Cady,* 574 F.3d at 342. The sole exception to this rule — *i.e.,* an official-capacity claim for injunctive relief under *Ex parte Young* — does not apply to claims alleging non-compliance with state

law. *See Ernst,* 427 F.3d at 368-69; *Freeman,* 808 F.2d at 1179. And, again, Plaintiff offers nothing to refute the proposition that the state-law claims she has asserted against Defendants Wesaw and Vinson in their official capacities are barred by Eleventh Amendment immunity. Accordingly, these claims are subject to dismissal.[1]

### III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that the motions for partial dismissal filed by Defendants Lori Vinson (docket #5) and Matthew Wesaw (docket #10) are GRANTED IN PART, to the extent that these Defendants seek the dismissal of (i) the federal ADA claims for money damages asserted against them in their official capacities, (ii) the federal ADA claims asserted against them in their individual capacities, and (iii) the state-law ELCRA claims asserted against

---

[1]While Defendants Wesaw and Vinson concede that they are subject to liability under the state-law ELCRA claims asserted against them in their individual capacities, they nonetheless suggest that the Court should decline to exercise supplemental jurisdiction over these claims. Yet, the statute to which Defendants appeal in support of this request provides in pertinent part that the Court may decline to exercise supplemental jurisdiction over a state-law claim if it "has dismissed ***all claims*** over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (emphasis added). As the individual Defendants themselves concede, Plaintiff's ADA claims against them in their official capacities remain pending, at least to the extent that Plaintiff seeks injunctive and not monetary relief. It follows that the condition set forth in § 1367(c)(3) is not satisfied, and the Court therefore denies the individual Defendants' request that the ELCRA claims brought against them in their individual capacities be dismissed without prejudice.

them in their official capacities. IT IS FURTHER ORDERED that the motion to dismiss filed by the Defendant Michigan Department of Civil Rights (docket #17) is GRANTED in its entirety.

s/Gerald E. Rosen<br>United States District Judge

Dated: March 21, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2016, by electronic and/or ordinary mail.

s/Julie Owens<br>Case Manager, (313) 234-5135